UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARY E. COMPTON,**

    **Plaintiff,**

v.                                                                        **CASE NO. 8:07-CV-489-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 9).

1

v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for DIB on October 27, 2003, claiming an onset of disability beginning March, 1 2002 due to obesity, GERD, Crohn's disease, sacrolitis and arthralgias along with chronic diarrhea, and joint pain. (T 13, 15, 54, 71) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision dated September 29, 2006. (T 13-20) The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 3-6) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1). Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff, thirty-one years old at the time of the administrative hearing, has a twelfth-grade education. (T 77, 400) Plaintiff has previously been employed as a hospital insurance clerk, hospital collection clerk, hospital admitting clerk and a medical receptionist. (T 72) Overall, her past relevant work required only sedentary exertion. (T 19)

On August 4, 2006, Plaintiff attended a hearing before the ALJ to appeal the denial of her disability benefits. (T 13) Although Plaintiff had not engaged in substantial gainful activity since March 1, 2002, the onset of her impairments, the ALJ determined that Plaintiff's residual functional capacity ("RFC") was suitable for light work similar to her past relevant work as a hospital insurance clerk.[2] (T 15-16, 19) The ALJ found that Plaintiff had the following RFC suitable for a wide range of sedentary activity:

> [Plaintiff can] lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday with pushing and pulling unlimited. The claimant has the residual functional capacity to perform a full range of light work provided that she has the ability to use the restroom without undue delay.

(T 16) The ALJ thoroughly discussed Plaintiff's impairments and resulting symptoms. Following the administrative hearing, the ALJ found that Plaintiff has obesity, GERD, Crohn's disease, sacroilitis and arthralgias. (T 15) The ALJ determined that Plaintiff's impairments are severe, but concluded that Plaintiff's combination of impairments do not meet or medically equal an impairment listed in the Listing of Impairments found in Appendix 1, Subpart P of Regulations No. 4, as required by 20 C.F.R. § 404.1520 for a finding of disability. (Id.)

Relying on the testimony of a vocational expert ("VE") in response to hypothetical questions which incorporated these limitations, the ALJ concluded that Plaintiff could perform jobs such as

---

[2]Light work, defined at 20 C.F.R. §§ 404.1567(b), 416.967(b), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds. The regulations further provide: "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

hospital insurance clerk, hospital collection clerk, hospital admitting clerk, and medical receptionist. (T 19) In reaching the conclusion that Plaintiff had not been under a disability as defined by the Act at any time from March 1, 2002 through the date of the decision, the ALJ held that Plaintiff's statements regarding her limitations were not wholly credible. (T 17)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff alleges the Commissioner erred by failing to consider the combined effect of all of Plaintiff's impairments and subjective symptoms. Specifically, Plaintiff argues that (1) the ALJ failed to consider her positive systemic lupus erythematosus testing and associated symptoms, including "severe fatigue and muscle pain and stiffness in the hand joints and feet"; (2) the ALJ failed to consider Plaintiff's hypochromic microcytic anemia and psoriasis diagnoses; and (3) the decision failed to fully and fairly consider Plaintiff's symptoms, including pain, diarrhea, fatigue, nausea, vomiting, and dysphagia. Further, Plaintiff argues that new evidence submitted to the Appeals Council by new counsel warrants remand.

**A.**     Plaintiff first alleges that the ALJ failed to consider the combined effect of all of Plaintiff's impairments. Specifically, Plaintiff argues that the ALJ failed to mention Plaintiff's positive systemic lupus erythematosus testing, and Plaintiff's hypochromic microcytic anemia and psoriasis diagnoses.

The ALJ must consider each alleged impairment and "state the weight accorded [to] each item of impairment evidence and the reasons for his decisions on such evidence." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). In addition, the ALJ must explain whether the impairments are severe singularly and in combination. Id. The combined effect of impairments must be considered even if

any of the impairments considered separately are not "severe." Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (citations omitted). The failure to comply with these requirements results in a remand. See Gibson, 779 F.2d at 623.

Plaintiff argues that the ALJ failed to consider her positive lupus test and the related symptoms including fatigue, muscle pain and stiffness in the hand joints and feet (Dkt. 13 at 11). However, there was no actual diagnosis of systemic lupus erythematosis. Bernard F. Germain, M.D., ("Dr. Germain") a rheumatologist treating Plaintiff for arthralgias, indicated in a letter dated May 13, 2004 that although Plaintiff's tests were suggestive of lupus erythematosus, Plaintiff had no definitive symptoms or signs of systemic lupus erythematosis. (T 218) Dr. Germain also noted that Plaintiff's Remicade medication may cause a lupus-like syndrome, and Plaintiff understood this possibility. (T 215) In addition, the ALJ stated that he gave "great weight" to the rheumatologist, Dr. Germain. (T 18) Despite Plaintiff's assertion that the ALJ failed to consider her symptoms, the ALJ specifically acknowledged Plaintiff's joint pain. (T 15) The ALJ also considered an inflammatory arthritis listing (Listing 14.09) in its report, but determined that Plaintiff did not meet the criteria set forth to warrant a finding of inflammatory arthritis. (T 16) The ALJ referred to Dr. Germain's examinations from May 4, 2004 to November 16, 2004 which found that Plaintiff did not have inflammatory arthritis. (T 18) There is no requirement that the ALJ refer to every piece of evidence in his decision. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted). Therefore, the court finds that the ALJ did not fail to consider Plaintiff's symptoms and positive systemic lupus erythematosis testing.

Plaintiff also submits that the ALJ failed to fully and fairly consider the Plaintiff's diagnoses of hypochromic microcytic anemia and psoriasis. A May 13, 2004 record from Dr. Germain noted Plaintiff's anemia, but did not mention any symptoms or specific physical limitations resulting from

Plaintiff's anemia. (T 217) In a record of Plaintiff's first office visit with Martin Maldonado, M.D., ("Dr. Maldonado") dated October 22, 2003, Dr. Maldonado noted Plaintiff's anemia. (T 293) Dr. Maldonado continued to include "hypochromic microcytic anemia" in each of his office records, but did not prescribe medication or list any physical or work-related limitations related to her anemia. (T 250, 256, 258, 260, 290, 293, 346-53, 392-93) Plaintiff was diagnosed with psoriasis by Neil Fenske, M.D., ("Dr. Fenske") in 2005. (T 239) Dr. Fenske indicated, however, that Plaintiff was not suffering from pain or itching as a result of the psoriasis. Dr. Fenske did not list any physical limitations resulting from Plaintiff's psoriasis. (Id.)

Plaintiff fails to point to any medical evidence in the record which demonstrates any work-related limitations or restrictions due to Plaintiff's anemia or psoriasis. Indeed, the medical evidence does not support such a finding. The severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, not on the diagnosis itself. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). Thus, the ALJ's decision not to mention Plaintiff's diagnoses of anemia and psoriasis in his decision was not in error. See, e.g., Dyer, 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.").

Also, without merit is the argument that the ALJ did not fully and fairly consider Plaintiff's symptoms from her various impairments including pain, diarrhea, fatigue, nausea, vomiting and dysphagia. The ALJ acknowledged Plaintiff's diarrhea by using clinic records from her treating physicians to document the progression of her impairment. (T 17) Also, the ALJ noted Plaintiff's complaints of nausea and fevers. (T 18) Plaintiff denied experiencing nausea, vomiting, and/or abdominal pain on many different occasions. (T 250, 256, 258, 260, 282, 287, 290, 325-26, 346, 349-50, 352-53, 392) Furthermore, Plaintiff fails to point to any medical evidence in the record which would demonstrate any work-related limitations related to dysphagia, fatigue, nausea or vomiting.

6

The court finds that the ALJ's written decision reflects that all of the impairments and symptoms supported by the medical record and raised by Plaintiff were considered. Accordingly, Plaintiff's argument that the ALJ failed to consider her symptoms in combination is without merit.

**B.**     Plaintiff also argues that remand is required under sentence six of 42 U.S.C. § 405(g) due to the presentation of new evidence from Dr. Maldonado that includes a statement of physical capacity dated November 17, 2006, over a month after the ALJ's decision. (T 395) Plaintiff submitted the new evidence to the Appeals Council which considered the evidence and denied review. (T 3, 6)

To obtain a "sentence six" remand, a claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that it is relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988) (internal citations and quotations omitted). However, a sentence six remand is proper only when new and material evidence that was not incorporated into the administrative record comes before the district court. In Ingram v. Commissioner of Social Security, the Eleventh Circuit clarified that "[s]entence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council." 496 F.3d 1253, 1269 (11th Cir. 2007); see also Hummel v. Astrue, No. 8:06-CV-725-EAJ, 2007 WL 2492460, at *6 (M.D. Fla. Aug. 30, 2007).

Further, in this case, Plaintiff does not challenge the Appeals Council's decision to deny review; instead, Plaintiff appeals only the ALJ's decision to deny benefits (Dkts. 1, 13). When the Appeals Council has denied review after considering new evidence, and a claimant challenges the ALJ's decision denying benefits but not the Appeals Council's decision denying review, this court need not consider the new evidence submitted to the Appeals Council but rather, only the evidence

7

actually presented to the ALJ. See Ingram, 496 F.3d at 1265-66 (explaining and reconciling the holdings in Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999) and Keeton v. Dept. of Health & Human Svcs., 21 F.3d 1064 (11th Cir. 1994)). Accordingly, this court considers, under sentence four, whether the ALJ's decision to deny benefits is supported by substantial evidence in the record before the ALJ at the time of the decision.[3]

The record before the ALJ contains substantial evidence to support a denial of benefits. In the opinion, the ALJ thoroughly discussed Plaintiff's medical documentation of her diarrhea. (T 17) The additional evidence from Dr. Maldonado dated November 17, 2006 and presented to the Appeals Council indicated that Plaintiff's frequent uncontrollable need to void more than 10 times within an eight-hour period started in October of 2003 and continued through the date of the letter. (T 395) Plaintiff contends that this letter is both "new" and "material" evidence. Therefore, Plaintiff contends, she is unemployable based on the VE's testimony that one bathroom break per hour was the maximum acceptable. (T 420-22) The record supports the ALJ's detailed evaluation of Plaintiff's medical records and testimony concerning this ailment and the ALJ's finding that Plaintiff's frequent bowel movements did not further restrict her RFC. (T 17-18) Furthermore, Dr. Maldonado's note does not meet the sentence six criteria to be considered new and material evidence. In order to be considered new, material evidence under sentence six of 42 U.S.C. § 405(g), evidence must not have

---

[3] Had Plaintiff alleged that the Appeals Council failed to conduct a meaningful review of her case before it affirmed the ALJ's decision, this court would consider whether the new evidence before the Appeals Council constituted the basis for a sentence four remand. As explained in Ingram, "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." 496 F.3d at 1262. However, Ingram clarified that for a federal court to review under sentence four a complaint that the Appeals Council erroneously denied review after considering new and material evidence, a claimant must specifically challenge the Appeals Council's decision to admit new evidence and deny review. Id. at 1266. Even if Plaintiff had made this argument, it would have been unsuccessful as the record before the Commissioner contains substantial evidence to support the ALJ's decision.

been incorporated into the administrative record. See Ingram, 496 F.3d at 1266.

Plaintiff fails to show that substantial evidence does not support the Commissioner's decision.

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2) the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g).

**DONE AND ORDERED** in Tampa, Florida this 7th day of February, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge